[Civ. No. 964. Fourth Appellate District.—July 20, 1933.]

WESLEY M. GARLOCK et al., Appellants, v. SAN DIEGO TRUST & SAVINGS BANK (a Corporation) et al., Respondents.

O. E. Mark for Appellants.

Stearns, Luce & Forward, Fred Kunzel and Walter H. Hewicker for Respondents.

BARNARD, P. J.—The plaintiffs have appealed from a judgment in favor of the defendants entered after an order sustaining general and special demurrers to a fifth amended complaint without leave to amend.

The complaint alleges that on February 5, 1931 (apparently 1929 was intended), the first three named defendants agreed with the plaintiffs and with each other to loan to the plaintiffs the sum of $5,500 to be used in the construction of certain buildings upon described real property owned by the plaintiffs. Copies of the application for the loan, the escrow instructions and the trust deed made and given in connec-

tion with said loan agreement are attached to and made a part of the complaint. It is alleged that by oral agreement among the parties, the trust deed securing the loan was executed in favor of the Metropolitan Guaranty Corporation; that this trust deed was assigned to the San Diego Trust & Savings Bank; that this bank advanced money to plaintiffs on said loan from time to time as construction progressed; that the plaintiffs recorded legal notice of completion on July 19, 1929; that the bank made advances according to the terms of the loan agreement until notice of completion was filed, at which time these advances totaled $3,789; that thereafter and before the time for filing mechanics' liens had expired these defendants orally repudiated said loan agreement and refused to advance any more funds thereunder; that the defendants wrongfully withheld and are withholding the balance of said loan in the sum of $1711; that by reason of said refusal to make further advancements mechanics' liens aggregating a total of $2,000 accrued and foreclosures thereof were filed against the property; that the plaintiffs were compelled to and have paid and discharged said claims; that on or about May 5, 1930, these defendants caused the $5,500 note and trust deed to be assigned to a third party for the sum of $4,125, which sum included interest, brokerage and other items of expense; that this third party promptly began foreclosure proceedings; and that by reason of said foreclosure proceedings in connection with the said trust deed and the said liens, and by reason of the cloud upon the title to their property, the plaintiffs were unable to refinance their property and prevent a foreclosure, so that the same has become lost to them since the beginning of this action. It is alleged that the plaintiffs have been damaged in the sum of $2,000, which amount they were compelled to pay in order to discharge the mechanics' liens, and in the further sum of $1848.33 by reason of money expended by them from their private funds in completing the building, and the prayer is for $3,848.33, with interest. In the application for the loan, which is alleged to be a part of the agreement and which is made a part of the complaint, the plaintiffs agreed as follows:

" . . . and do further agree that I will fully complete said building or buildings, as the case may be within 120 days from date hereof free and clear of all claims of me-

chanic's and other liens; time being the essence of this agreement.

"I further agree that the said sum of $—— shall be advanced to me in such sum or sums as your appraiser or representative shall recommend as the work progresses, and not otherwise, and that in any event one-fourth (¼) of said sum may be retained by you until time for filing mechanic's liens has elapsed; and thereupon, no such liens having been filed, same shall be paid to me or my order. In the event that any such liens be filed, you are authorized to apply any part of said sum so held by you in payment of any such claim or liens, or, at your option, you may credit the sum upon any indebtedness I owe you, or upon the principal of the note secured by the trust deed hereinbefore referred to, and thereupon you are released from any and all obligation to lend me any such sum so applied."

█ It thus appears that the plaintiffs agreed to complete the building free and clear of all claims of mechanic's liens; that no particular portions of the loan were to be advanced at any fixed times, but that advances should be made only in accordance with the recommendation of the defendants' representative as the work progressed; and that, in any event, one-fourth of the amount might be retained until the time for filing mechanic's liens had expired. In the event any such liens should be filed the defendants had several options, including one to credit the balance of the loan upon the principal amount thereof, whereupon they should be released from any further obligation to loan such balance. There is no allegation of any breach upon the part of the defendants up to the time notice of completion was filed. Not only was it agreed that, in any event, the defendants might hold back one-fourth of the total sum until the expiration of the time during which liens could be filed, but under the terms of the agreement they were not required to advance all of the remainder unless the same had been recommended by their representative and there is no allegation that any such recommendation was ever made. While this situation obtained, with no allegations showing any breach of the contract on the part of the defendants, it is alleged that mechanic's liens to the amount of $2,000 and considerably in excess of the balance of the loan, were filed in spite of the fact that the plaintiffs had

agreed to keep the property free from any such claims. Although the contract then gave the defendants the right, instead of applying the balance of the loan upon any such liens, to credit the same upon the principal sum of the note, not only is there no allegation that the defendants did not take this latter course, but the allegations of the complaint plainly indicate that this was done. The amount of the note was $5,500, of which $3,789 had been previously advanced, and it is alleged that the note was assigned for only $4,125, and that this amount included the advancements with interest, brokerage and other items of expense. Interest alone, at the agreed rate, would have amounted to nearly $300 and a simple computation plainly shows that the $1711 was so credited. The fact that they paid off the liens filed and used some of their own funds in the building operations does not indicate any damage. The fact that nearly a year later they were unable to prevent a foreclosure in connection with an obligation for $4,125, by complying with the terms of a trust deed, fails to indicate that their position would have been any better had the obligation then been for $5,500. Not only do the allegations of the complaint show that the plaintiffs themselves breached the contract in permitting liens to be filed, but the facts alleged show neither a breach of contract on the part of the defendants nor any damage resulting from any act upon their part.

The judgment is affirmed.

Marks, J., and Turrentine, J., *pro tem.*, concurred.